[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brings this eight-count complaint seeking to recover damages from the defendants resulting from a contract to renovate the plaintiff's gasoline station.
The factual situation upon which the complaint is based is as follows:
The plaintiff's husband operated a gasoline station and had been in discussions with the defendant, David Premo, with the purpose of removing and replacing the underground tanks holding the gasoline and at the same time replacing the gasoline dispensers. The plaintiff's husband died before a decision was reached.
The plaintiff, Salvatrice Franco, the widow, inherited the station from her husband.
She then entered into the negotiations to renovate the station CT Page 3250 with defendant, David Premo, and eventually entered into a written agreement with him. (Plaintiff's Exhibit 1). Premo did start work renovating the station about November 1994 using two subcontractors, the defendants, Thomas Gianni Sons, Inc., and Kingsbury Plumbing Heating, Inc. This work required that the station completely cease operations. The plaintiff was not able to resume business until March 1995 when Premo authorized the gasoline to be delivered. However, after reopening the station, problems developed. Gasoline leaks occurred while gasoline was being dispensed. The gas collected in a below ground pump chamber; the gas vapor collector failed; the dispensers were not set on the concrete base in a true upright position; the concrete pads surrounding the dispensers developed cracks; the caps for the underground tanks would be violently blown off when the tanks were being refilled from tanker trucks.
Both defendants, Kingsbury Plumbing Heating, Inc. and Thomas Gianni Sons, Inc., worked on plaintiff's gasoline station. Both claim to be subcontractors: Gianni to supply earth moving equipment with operators and day laborers; Kingsbury supplying a qualified plumber for the necessary gas station plumbing. Neither party was to supply materials that might be needed. These supplies were to be provided by defendant Premo.
As a result of these problems, together with others, the plaintiff was forced to cease operating her station on or about mid-1995.
The defendant David Premo, a/k/a Premo Environmental, Inc., was a one-man operation holding himself out as qualified and experienced in the conversion of gasoline stations to conform with local, state and federal regulations requiring replacement of underground gasoline holding tanks and installation of stage II retail gasoline dispensers. He also purported to have the necessary personnel and equipment to carry out such conversion.
David Premo had some background and familiarity with gasoline station regulatory requirements, and a rudimentary ability in the excavating and paving fields. He, however, did not have qualified personnel nor the equipment to carry out the gasoline station conversion and subcontracted this work area to the defendant Thomas Gianni Sons, Inc.
With regard to the required gasoline station plumbing, David Premo had neither the required licenses nor the expertise in this CT Page 3251 field so he subcontracted this aspect of the gasoline station conversion to the defendant, Kingsbury Plumbing Heating, Inc.
With regard to the defendant subcontractors as well as the overall project Premo retained overall control and authority. However, each subcontractor defendant put itself out as qualified and experienced in its respective field. The plaintiff expected of each subcontractor to carry out its duty to perform the work it entered into and carried out, and that it be done in a workmanlike way to conform with the needs and purpose of a retail gasoline dispensing station.
The defendants, David Premo and Premo Environmental, Inc., by way of a written contract, as orally amended, and by way of implied contract, neglected and failed to carry out the terms of the agreement, in that the work product was not performed in a workmanlike manner: the pumps leaked gasoline, the holding tanks were under such internal pressure that the caps would fly off; the dispensers were tilted; the gasoline vapor recovery system failed to perform as required; the concrete pads were cracked; the bituminous paving was not installed; the plumbing was leaking and failed to conform to regulations with regard to cathodic protection.
Therefore, the court finds for the plaintiff, Salvatrice Franco, and against the defendants, David Premo and Premo Environmental, Inc., as to plaintiff's Counts I, II and III of the complaint; and, as to the remaining counts of the complaint, the court finds for the defendants, David Premo and Premo Environmental, Inc. and against the plaintiff, Salvatrice Franco.
The court notes that the defendant, David Premo, d.b.a. Premo Environmental, Inc., was defaulted for failure to appear. However, the court determined, in hearing the evidence presented at the trial, that there was insufficient evidence to find for the plaintiff, Salvatrice Franco, and against David Premo, and Premo Environmental, Inc., as to Counts IV, V, VI, VII and VIII.
As to defendant Thomas Gianni Sons, Inc., this defendant failed to perform its work in a workmanlike manner although it had a duty to do so. It was the subcontractor for uncovering old tanks and backfilling around the new tanks. It performed the earth excavation and prepared the base for the concrete pads and fuel dispenser islands: it participated in the installation of the concrete for the pads and islands, and it participated in CT Page 3252 moving and installing the gasoline dispensers.
It failed to perform its work in a workmanlike manner in that the cement pads cracked, the dispensers tilted causing leaks of gasoline and the gasoline of the vapor recovery system.
Therefore, the court finds for the plaintiff, Salvatrice Franco, and against the defendant, Thomas Gianni Sons, Inc., as to Count II of the plaintiff's complaint; and, as to the remaining counts of the complaint, the court finds for the defendant, Thomas Gianni Sons, Inc. and against the plaintiff, Salvatrice Franco.
As to defendant Kingsbury Plumbing Heating, Inc.:
The installation of the gasoline plumbing pipelines by Kingsbury was not performed in a workmanlike manner in that the cathodic protective system for galvanized piping was not installed in accordance with Connecticut Administrative Code § 2a-449 (d)-103(3); further, that after the piping was installed between the gasoline holding tanks and the gasoline dispensers the caps on the tanks flew off when the tanks were refilled from tanker trucks; that Kingsbury knew or should have known that the cathodic system was not installed as required by the governmental regulations.
Therefore, the court finds for the plaintiff, Salvatrice Franco, and against the defendant, Kingsbury Plumbing Heating, Inc., as to Count II of the plaintiff's complaint; and, as to the remaining counts of the complaint, the court finds for the defendant, Kingsbury Plumbing Heating, Inc., and against the plaintiff, Salvatrice Franco.
The court finds that each of the defendants participated in the damages suffered by the plaintiff; that these damages were causally resulting from the defendants negligently performed work or failure to perform its undertaken work in a workmanlike manner. As a result of the negligent and faulty workmanship of the defendants, the court finds that the plaintiff suffered damages in the sum of $70,000.00.
Further, the court finds that the parties causally participated in the resulting damages incurring to the plaintiff in varying amounts; i.e., that the defendant, Premo, d/b/a Premo Environmental, Inc., are responsible for $59,500.00 of the total CT Page 3253 damages suffered by the plaintiff; that Thomas Gianni Sons, Inc. is responsible for $7,000.00 of the total damages; and that Kingsbury Plumbing Heating, Inc. is responsible for $3,500.00 of the total damages resulting to the plaintiff.
That judgment is to enter for the plaintiff as set out above, together with costs assessed against the three defendants in the same individual proportion as is that to the total damages.
Julius J. Kremski Judge Trial Referee